## FIDELITY & CASUALTY CO. OF NEW YORK v. ALLEN et al.

### No. 5679.

Circuit Court of Appeals, Seventh Circuit.

June 3, 1936.

Clarence W. Heyl, of Peoria, Ill., and H. L. Howard, of Chicago, Ill., for appellant.

Charles E. Sturtz and William C. Ewan, both of Kewanee, Ill., and George W. Hunt, of Peoria, Ill., for appellees.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Appellees, First National Bank of Kewanee, Ill., and Theodore D. Allen, as receiver thereof, sued in equity to set aside two pledges of general assets of the bank as collateral security for deposit of public funds in the hands of the county collector of Henry county, Ill., and to recover the securities thus pledged to indemnify appellant upon its liability as surety for the collector. The facts are stipulated. The particular funds in the hands of the collector at the time of the closing of the bank consisted of $63,810.52, credited to his account and covering collected taxes which were the proceeds of collection of state taxes and "would have been remitted to the state, had the bank not been closed." All other funds collected had already been disbursed to the various municipal taxing bodies entitled to the same.

The particular securities in question were pledged by the bank in April, 1931. The court found that the bank was without authority to pledge its assets to secure the deposit or to deliver the securities under such pledge agreement. Accordingly a decree canceling the pledge was entered, the court providing, however, that its action should be without prejudice to appellant in the prosecution of the latter's claim for the collection of dividends from the receiver in the due administration of the receivership and without prejudice to the claim of appellant to be subrogated to the rights of the collector under any claim filed with the receiver for the deposit.

▉ Appellant contends that the pledge is valid, on the ground that the unpaid balance of the deposit consisted entirely of state funds, in the state treasury, entitled to priority under the state law.

Appellant relies upon chapter 130, Smith-Hurd Ill.Ann.St. § 29, as follows:

"No moneys in the State Treasury shall be deposited in any bank approved as a depositary under the terms of this Act unless such bank shall have deposited securities with the State Treasurer equal in market value to the amount of moneys deposited."

Section 20 of the same statute is as follows:

"The State Treasurer shall deposit all moneys received by him on account of the State within five days after receiving the same in such banks of the State as may be authorized to receive such deposits under the terms of this Act."

Appellant argues that inasmuch as the funds, in due course of administration of the collector's duties, would have been forwarded by him to the state treasury as state funds, they were, in effect, in the treasury of the state of Illinois, and, that therefore, under the statute quoted, its pledge to secure the same was proper. This contention, if correct, would distinguish the case from City of Marion v. Sneeden et al., 291 U.S. 262, 54 S.Ct. 421, 78 L.Ed. 787, affirming the decision of this court in 64 F.(2d) 721, wherein it was held that a national bank may legally pledge assets to secure funds of a state or political subdivision thereof only if located in a state in which banks chartered by that state are so authorized; that state banks in Illinois are not authorized to pledge assets as security for deposit of public funds; and that a receiver of an insolvent national bank may recover such pledged securities. That the Supreme Court correctly apprehended the intent of the Illinois statutes appears from the later decision, People v. Wiersema State Bank, 361 Ill. 75, 197 N.E. 537, 541, 101 A.L.R. 501, holding directly that state banks in Illinois have no power to pledge assets to secure deposits of funds of political municipalities. In this state of the law appellant cannot successfully resist cancellation of the pledge unless it can be said that these funds are in the treasury of the state of Illinois.

It will be observed that the state statute requires the state treasurer to deposit all moneys received by him on account of the state in a bank authorized to receive deposits and that he is not at liberty to deposit moneys in the state treasury until the depository bank shall have deposited securities with the state treasury equal in market value to the amount of the money deposited. This statute is clearly applicable only to moneys in the state treasury, and, as said in People v. Wiersema State Bank, supra, "the rule that the expression of one thing or one mode of action in an enactment excludes any other, even though there be no negative words prohibiting it, has been the settled law of this state since 1852." Thus we are bound by the strict limitation of the statute itself. As it is applicable only to moneys received by the state treasurer and held by him as moneys in the state treasury, it follows that funds still in the hands of the county collector, not yet paid into the treasury and not yet received by the treasurer as moneys of the state, have not yet taken on the character of state funds intended by the Legislature to be protected by the statute. For the funds, the county collector remains liable. His liability is to pay the same into the state treasury and in case of his failure so to do the treasurer may maintain suit to recover the funds for the state. But until the actual custody of the moneys has passed to the state treasurer, it cannot be said that they are in the hands of the treasurer and governed by the provisions of the act mentioned.

Appellant contends that the decree should be reversed because of the failure to file findings of fact and conclusions of law as required by Equity Rule 70½ of the Supreme Court (28 U.S.C.A. following section 723). The facts were stipulated and spoke for themselves. The court included in the decree formal findings of fact and conclusions of law as above indicated. While a more formal attempt to comply with the rule should have been made, under the record in this case, there is a substantial compliance. Toledo, P. & W. R. R. v. Peoria & P. Union Ry. Co., 72 F.(2d) 745 (C.C.A.7).

Accordingly, the decree of the District Court is affirmed.